GEORGIA,
Chatham Co.
MAY, 1805.

State
vs.
Monaquo et
Segar.

*Minutes of Superior Court, letter F. p.* 120.

### STATE

*vs.*

MARCO DE LAS MAURIGNOS, and JOSE SIERRA, *al. dict.* JOSEPH SEGAR.

#### HABEAS CORPUS.

THE prisoners having been brought up yesterday, and it appearing that they were detained under an order of the court at the last term, upon the suggestion of the attorney general, that they were charged with highway robbery ; and it also appearing, that an indictment had been preferred at the term of January preceding, for the aforesaid robbery, against the prisoners ; and that they at the last term, to wit, on Saturday, the 4th day of May, in said town, did, by their counsel, move the court for a trial on said indictment ; but it then appearing that the attorney general had entered a *nolle prosequi* on the said indictment, it was ordered, that the prisoners take nothing by their motion. Mr. *Stevens*, counsel for the prisoners, moved for their discharge, upon the following grounds, viz : *First.* Because they have been tried, and at the last term moved to be tried, and are, therefore, now entitled, under the habeas corpus act, to their discharge. *Secondly.* Because that, for the charge of robbery, under which they are now confined, they were indicted at the term in January last ; and that it does appear that the attorney general did, at the said term, enter on the said indictment, a *nolle prosequi*, which operates as a bar to further prosecution. *Thirdly.* Because that there is no evidence to support the charge of robbery, for that the declarations of a deceased person, is not evidence in robbery. After hearing the arguments of the counsel for the prisoners, and the attorney general on the motion, the prisoners were remanded.

The prisoners being again this day brought up, farther argument was heard on the motion for their discharge. The attorney general moved that he be directed by the court to issue new process against the prisoners, for that the motion in arrest of judgment being sustained on the conviction for murder, and a *nolle prosequi* being entered on the indictment for robbery, did not discharge the prisoners from a farther prosecution for the said crimes, as that could only be effected by a verdict of acquittal. 1 Salk. 21. 2 Salk. 456. 6 Mod. Rep. 261, 262. Hardress, 126. 153: 4 Tuck. Black. 375. Cites 4 Rep. 45.

GEORGIA,
Chatham Co.
MAY, 1:05.

State
vs.
Monaquo et
Segar.

1 Salk. 21. 2
Slk.456. 6 Mod.
Rep. 261, 262.
Hardress, 126.
153. 4 Tuc. Blk.
375. cites 4 Rep.
45.

*By the Court.* In considering the arguments of the counsel for the discharge of the prisoners, and of the attorney general against it, I do not think it necessary to examine whether the "*nolle prosequi*" be an acquittal of the crime, or whether the declarations of a deceased person, are or are not admissible as evidence on an indictment for robbery on the highway. The prisoners, it is stated, have been confined two terms, were ready for their trial at each term, and at the second term did by their counsel petition to be brought to their trial. The habeas corpus act, 31 Carolus 2. chap. 2. sec. 7, which is adopted by our constitution and our laws, enacted, That if any person committed for felony, upon his or their prayer or petition in open court to be brought to his trial, shall not be indicted and tried the second term after commitment, or upon his or their trial shall be acquitted, he or they shall be discharged from imprisonment. Upon this ground, therefore, the prisoners are entitled to their discharge: and it is ordered, that they be discharged upon payment of costs.

Habeas Corpus, 31 Car. 2.
ch. 2. sec. 7.

*Stevens,* for the prisoners.